IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| AT&T COMMUNICATIONS OF NEW YORK, INC., and TELEPORT COMMUNICATIONS GROUP INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BROADVIEW NETWORKS HOLDINGS, INC., BROADVIEW NETWORKS, INC., and EUREKA TELECOM, INC., <br><br> Defendants. | Case No. |

## COMPLAINT

Plaintiffs AT&T Communications of New York, Inc. ("AT&T") and Teleport Communications Group Inc. ("TCG"), by their undersigned attorneys, file this action for declaratory and other relief against Defendants Broadview Networks Holdings, Inc., Broadview Networks, Inc. and Eureka Telecom, Inc. (collectively, "Broadview") and states as follows:

### INTRODUCTION

1. This action is brought to recover amounts properly billed by AT&T and TCG to Broadview for certain telecommunications services, called "switched access services," provided by AT&T and TCG pursuant to federal and state tariffs in effect in New York during all relevant times.

2. Since on or about November 11, 2001, Broadview has failed and refused to pay, without justification, the full amount billed by AT&T and TCG for switched access services provided by AT&T and TCG, including billing for six billing account numbers ("BANs") associated with Eureka Telecom, Inc., which is a wholly owned subsidiary of Broadview Network Holdings, Inc.

3.  As a consequence of Broadview's failure to pay, AT&T and TCG have suffered damages in the amount withheld by Broadview, plus applicable late payment charges. Those damages are equal to or exceed $1,901,681 as of March 15, 2008. Plaintiffs bring this action for a declaration that Broadview has violated the interstate and intrastate access tariffs of AT&T and TCG in effect in New York and to recover the amounts owed to AT&T and TCG by Broadview for failure to pay in accordance with those tariffs.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1367. The Court's authority to grant declaratory relief and other appropriate relief is founded upon 28 U.S.C. §§ 2201 and 2202.

5.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b). AT&T, TCG, Broadview Networks, Inc., Eureka Telecom, Inc. and Broadview Networks Holdings, Inc. all do business in this District; Broadview Networks, Inc., Eureka Telecom, Inc. and Broadview Networks Holdings, Inc. each maintains its principal place of business in this district; and a substantial part of the events giving rise to AT&T and TCG's claims occurred in this District.

## THE PARTIES

6.  AT&T is a New York corporation with its principal place of business at One AT&T Way, Bedminster, New Jersey, 07921. AT&T provides telephone exchange service, exchange access and other telecommunications and information services within the State of New York. AT&T is a local exchange carrier within the meaning of section 153(26) of the federal Communications Act of 1934, as amended ("1934 Act") (47 U.S.C. § 153(26)).

7.  TCG is a New York Corporation with its principal place of business at One AT&T Way, Bedminster, New Jersey, 07921. TCG provides telephone exchange service,

exchange access and other telecommunications and information services within the State of New York. TCG also is a local exchange carrier within the meaning of Section 153(26) of the 1934 Act.

8. Upon information and belief, Broadview Networks, Inc. is a New York corporation with its principal place of business at 800 Westchester Avenue, Suite N-501, Rye Brook, New York, 10573. Broadview Networks, Inc. provides, among other things, toll or interexchange telecommunications service to end users in the State of New York. Broadview Networks, Inc. is a wholly owned subsidiary of Broadview Network Holdings, Inc.

9. Upon information and belief, Eureka Telecom, Inc., f/k/a Gillette Global Networks, Inc. d/b/a Eureka Networks, is a New York corporation with its principal place of business at 39 Broadway, 19th Floor, New York, NY, 10006. Eureka Telecom, Inc. provides, among other things, toll or interexchange telecommunications service (often called "long distance" service) to end users in the State of New York. Eureka Telecom, Inc. was acquired in May of 2007 by Broadview Networks Holdings, Inc. and is now a wholly owned subsidiary of that company.

10. Upon information and belief, Broadview Networks Holdings, Inc. is a Delaware corporation with its principal place of business at 800 Westchester Avenue, Suite N-501, Rye Brook, New York 10573. Broadview Networks, Inc. and Eureka Telecom, Inc. are wholly owned subsidiaries of Broadview Networks Holdings, Inc.

## BACKGROUND

A. **AT&T and TCG's Provision of Switched Access**

11. AT&T and TCG provide interexchange carriers in New York with a variety of telecommunications products and services, including the service at issue here: switched access

3

service. When an end-user customer who obtains local exchange service from AT&T or TCG and interexchange (long distance) service from another carrier initiates an interexchange (long distance) call – whether interstate or intrastate – AT&T or TCG transports and delivers that call from the end user's premises to an interconnection point with the interexchange carrier. Similarly, when an end-user calls an AT&T or TCG local customer from outside the local customer's exchange, AT&T or TCG picks up the call from the interconnection point with the interexchange carrier and delivers it to AT&T's or TCG's end user. To perform these functions for Broadview, AT&T and TCG provide switched access services pursuant to their federal and state tariffs.

12. The interstate switched access services that AT&T and TCG provide to Broadview are governed by federal tariffs on file with the Federal Communications Commission ("FCC"). The intrastate switched access services are governed by state tariffs on file with the New York Public Service Commission ("NYPSC").

13. As set forth more fully below, AT&T and TCG have provided switched access services to Broadview in accordance with their publicly filed tariffs. Broadview accepted and made use of these tariffed switched access services and AT&T and TCG submitted timely invoices to Broadview that conformed in all respects to the requirements of those tariffs.

**B.     The AT&T Interstate Tariff**

14. The tariff governing interstate switched access services provided by AT&T is AT&T Communications Tariff F.C.C. No. 28 ("the AT&T Interstate Tariff"), which is incorporated by reference as if fully set forth herein.

15. § 1.1.1 of the AT&T Interstate Tariff provides:

4

> This tariff contains regulations, rates and charges applicable to the provision of interstate Access Services provided to Customers by AT&T Communications, hereinafter referred to as the Company.

16. The rate elements and charges applicable to interstate switched access services provided by AT&T are set forth in provisions of the AT&T Interstate Tariff, including § 15.1, §15.2 and its sub-sections, § 17.13.3 (H) and § 17.15 and its sub-sections.

17. In addition, § 2.4.2(C)(2) of the AT&T Interstate Tariff contains the following provision relating to late payment charges:

> Further, if no payment is received by the payment date or if a payment or any portion of a payment is received by the Company after the payment date as set forth in 1. preceding, or if a payment or any portion of a payment is received by the Company in funds which are not Immediately Available funds in U.S. dollars, then a late payment penalty shall be due to the Company. The late payment penalty shall be the payment or the portion of the payment not received by the payment date times a late factor.
>
> The late factor shall be 1.5% per month or portion thereof applied from the payment date to and including the date that the Company actually receives the payment.

18. AT&T has charged Broadview the appropriate rate elements and charges for switched access that are set forth in the AT&T Interstate Tariff. Broadview has refused to pay most or all of these charges, without justification.

## C.  The TCG Interstate Tariff

19. The tariff governing interstate switched access services provided by TCG is Teleport Communications Group Operating Companies Tariff FCC No. 2 ("the TCG Interstate Tariff"), which is incorporated by reference as if fully set forth herein.

20. Interstate switched access services provided by TCG pursuant to the TCG Interstate tariff are furnished via "Call Completion Services," defined in § 3.9.1 of the TCG Interstate Tariff as follows:

>Call Completion Service provides for the capability of originating and terminating interstate long distance calls to and from an end user's premises, including end users to which the Company does not provide local exchange services, to a customers facilities via TCG's switch. Transport between TCG's switch and the customer's premises are provided via Digital Transmission Services as specified in Section 3.2 preceding.

21. The rate elements and charges applicable to interstate switched access services provided by TCG are set forth in provisions of the TCG Interstate Tariff, including § 4.12.2, § 4.12.3, § 3.9.4(e), § 3.9.4(g) and § 5.6.K.

22. In addition, § 2.5.4 of the TCG Interstate Tariff contains the following provision relating to late payment charges:

>If any portion of the payment is received by the Company after the payment date as set forth herein preceding, or if any portion of the payment is received by the Company in funds which are not immediately available to the Company, then a late payment penalty shall be due to the Company. The late payment penalty shall be the portion of the payment not received by the payment date times a late payment factor. The late payment factor shall be the lesser of:
>
>(A) The highest interest rate (in decimal value) which may be levied by law for commercial transactions, compounded daily for the number of days from the payment date to and including the date that the Customer actually makes the payment to the Company, or
>
>(B) 0.000493 per day, compounded daily for the number of days from the payment date to and including the date that the Customer actually makes the payment to the Company.

23. TCG has charged Broadview the appropriate rate elements and charges for switched access that are set forth in the TCG Interstate Tariff. Broadview has refused to pay most or all of these charges, without justification.

**D.    The AT&T Intrastate Tariff**

24. The tariff governing intrastate switched access services provided by AT&T is AT&T's intrastate Access and Network Interconnection Services Tariff P.S.C. No. 21 ("the AT&T Intrastate Tariff") on file with the NYPSC, which is incorporated by reference as if fully set forth herein..

25. § 1.1.1 of the AT&T Intrastate Tariff provides:

> This tariff contains the regulations and rates applicable to Access Services and Network Interconnection Services provided to the Customers by AT&T Communications of New York Inc., hereinafter referred to as the Company.

26. The rate elements and charges applicable to intrastate switched access services provided by AT&T are set forth in provisions of the AT&T Intrastate Tariff, including § 15.1, §15.2 and its sub-sections, and §§ 13 and 15 of the Price List.

27. In addition, § 2.4.2(C)(2) of the AT&T Intrastate Tariff contains the following provision relating to late payment charges:

> Further, if no payment is received by the payment date or if a payment or any portion of a payment is received by the Company after the payment date as set forth in 1. preceding, or if a payment or any portion of a payment is received by the Company in funds which are not Immediately Available funds in U.S. dollars then a late payment penalty shall be due to the Company. The late payment penalty shall be the payment or the portion of the payment not received by the payment date times a late factor.
>
> The late factor shall be 1.5% per month portion thereof applied from the payment date to and including the date that the Company actually receives the payment.

28. AT&T has charged Broadview the appropriate rate elements and charges for switched access that are set forth in the AT&T Intrastate Tariff. Broadview has refused to pay most or all of these charges, without justification.

**E.     The TCG Intrastate Tariff**

29. The tariff governing intrastate switched access services provided by TCG is TC Systems, Inc. Tariff P.S.C. No. 3 ("the TCG Intrastate Tariff"), which is incorporated by reference as if fully set forth herein.

30. Interstate switched access services provided by TCG pursuant to the TCG Intrastate Tariff are furnished via "Call Completion Services," defined in § 4.1 of the TCG Intrastate Tariff as follows:

> Call Completion Service (also called Feature Group D or FGD Service) provides for the capability of originating and terminating long distance calls to and from an End User's premises to a Customer's facilities via TCG's switch. Transport between TCG's switch and the Customer's premises are provided via Digital Transmission Services.

31. The rate elements and charges applicable to intrastate switched access services provided by TCG are set forth in provisions of the TCG Intrastate Tariff, including § 4.1.5.2, § 4.15.3, § 4.1.5.2(G) and § 5.1.

32. In addition, § 2.5.4 of the TCG Intrastate Tariff contains the following provision relating to late payment charges:

> If any portion of the payment is received by the Company after the payment date as set forth herein proceeding, or of any portion of the payment is received by the Company in funds which are not immediately available to the Company, then a late payment penalty shall be due to the Company. The late payment penalty shall be the portion of the payment not received by the payment date times a late payment factor. The late payment factor shall be 1.5% per month.

33. TCG has charged Broadview the appropriate rate elements and charges for switched access that are set forth in the TCG Intrastate Tariff. Broadview has refused to pay most or all of these charges, without justification.

## CAUSES OF ACTION

8

## COUNT I:
## Broadview's Failure to Pay AT&T for Interstate Switched Access Service Violates AT&T's Interstate Tariff.

34. AT&T incorporate by reference paragraphs 1 through 33 as if set forth fully herein.

35. In accordance with the terms of the AT&T Interstate Tariff, AT&T has provided interstate switched access services to Broadview in New York.

36. AT&T has timely sent invoices to Broadview for the amount owed to AT&T by Broadview for AT&T's interstate switched access services. The amounts invoiced to Broadview reflect the rates set forth in the AT&T's Interstate Tariff.

37. AT&T has performed all of its obligations under the AT&T Interstate Tariff related to the provision of switched access services.

38. Broadview has without justification failed to pay some or all of the amounts on the invoices sent from AT&T during the period from approximately November 11, 2001, to the present. Broadview has thereby failed to fulfill its obligations under the AT&T Interstate Tariff.

39. As a result of Broadview's failure to pay, AT&T is entitled to payment of the full amounts invoiced and late payment charges as provided for in the tariff. As of March 15, 2008, AT&T has been injured in an amount equal to or exceeding $120,477.

## COUNT II:
## Broadview's Failure to Pay TCG for Interstate Switched Access Service Violates the TCG Interstate Tariff.

40. TCG incorporate by reference paragraphs 1 through 39 as if set forth fully herein.

41. In accordance with the terms of the TCG Interstate Tariff, TCG has provided interstate switched access services to Broadview in New York.

42. TCG has timely sent invoices to Broadview for the amount owed to TCG by Broadview for TCG's interstate switched access services. The amounts invoiced to Broadview reflect the rates set forth in the TCG's Interstate Tariff.

43. TCG has performed all of its obligations under the TCG Interstate Tariff related to the provision of switched access services.

44. Broadview has without justification failed to pay some or all of the amounts on the invoices sent from TCG during the period from approximately November 11, 2001, to the present. Broadview has thereby violated the TCG Interstate Tariff.

45. As a result of Broadview's failure to pay, TCG is entitled to payment of the full amounts invoiced and late payment charges as provided for in the tariff. As of March 15, 2008, TCG has been injured in an amount equal to or exceeding $10,414.

## COUNT III:
### Broadview's Failure to Pay AT&T for Intrastate Switched Access Services Violates the AT&T Intrastate Tariff.

46. AT&T incorporates by reference the preceding paragraphs 1 through 45 as if set forth fully herein.

47. In accordance with the terms of the AT&T Intrastate Tariff, AT&T has provided intrastate switched access services to Broadview in New York.

48. AT&T has timely sent invoices to Broadview for the amount owed to AT&T by Broadview for AT&T's intrastate switched access services. The amounts invoiced to Broadview reflect the rates set forth in the AT&T Intrastate Tariff.

49. AT&T has performed all of its obligations under the AT&T Intrastate Tariff related to the provision of switched access services.

50. Broadview has without justification failed to pay some or all of the amounts on the invoices sent from AT&T to Broadview during the period from approximately November 11, 2001, to the present. Broadview has failed to fulfill its obligations under the tariff and has therefore violated the tariff, which has the force and effect of law. See *Sisters of St. Dominic v. Orange and Rockland Power Co.*, 79 A.D.2d 1021, 1021, 435 N.Y.S.2d 332, 333 (N.Y.A.D. 1981).

51. As a result of Broadview's failure to pay, AT&T is entitled to payment of the full amounts invoiced and late payment charges as provided for in the tariff. As of March 15, 2008, AT&T has been injured in an amount equal to or exceeding $1,719,030.

### COUNT IV:
### Broadview's Failure to Pay TCG for Intrastate Switched Access Services Violates the TCG Intrastate Tariff.

52. TCG incorporates by reference the preceding paragraphs 1 through 51 as if set forth fully herein.

53. In accordance with the terms of the TCG Intrastate Tariff, TCG has provided intrastate switched access services to Broadview in New York.

54. TCG has timely sent invoices to Broadview for the amount owed to TCG by Broadview for TCG's intrastate switched access services. The amounts invoiced to Broadview reflect the rates set forth in the TCG Intrastate Tariff.

55. TCG has performed all of its obligations under the TCG Intrastate Tariff related to the provision of switched access services.

56. Broadview has without justification failed to pay some or all of the amounts on the invoices sent from TCG to Broadview during the period from approximately November 11, 2001, to the present. Broadview has failed to fulfill its obligations under the TCG Intrastate

Tariff and has therefore violated the tariff, which has the force and effect of law. See *Sisters of St. Dominic*, 79 A.D.2d at 1021, 435 N.Y.S.2d at 333.

57.  As a result of Broadview's failure to pay, TCG is entitled to payment of the full amounts invoiced and late payment charges as provided for in the tariff. As of March 15, 2008, TCG has been injured in an amount equal to or exceeding $51,756.

## PRAYER FOR RELIEF

WHEREFORE, AT&T and TCG respectfully request that the Court grant them the following relief:

a.  Declare that Broadview has violated AT&T and TCG's interstate and intrastate access tariffs for switched access by refusing to pay AT&T and TCG's charges for services provided pursuant to those tariffs;

b.  Award AT&T and TCG damages in an amount to be determined at trial;

c.  Award AT&T and TCG late payment charges starting from November 1, 2001, for the amounts billed until paid;

d.  Award AT&T and TCG their attorneys fees and costs incurred herein; and

e.  Award such other and further relief as this Court deems just and proper.

Dated this 25th day of March, 2008.

By /s/ Joseph De Simone

Attorneys for Plaintiff AT&T Communications of New York, Inc. and Teleport Communications Group Inc.

Lawrence J. Lafaro
AT&T Communications of New York, Inc.
One AT&T Way
Room 3A214
Bedminster, NJ 07921
Telephone: (908) 532-1850
Facsimile: (908) 532-1217

Joseph De Simone (JD 9056)
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

13